IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAITLIN PEYTON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., <br><br> Defendant. | Civil Action No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Caitlin Peyton ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Walmart, Inc. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a putative class action lawsuit on behalf of purchasers of Equate Oil-Free cosmetic products (collectively, the "Oil-Free Products")[1] against Defendant for harm caused by Defendant's deceptive, improper or unlawful conduct in the design, marketing, manufacturing, distribution, and/or sale of its Oil-Free Products. The labeling and packaging of the Oil-Free Products contains false and misleading "oil-free" claims (the Oil-Free Claims). This misleads consumers into believing that the Oil-Free Products contain no oil or oil-inclusive ingredients even though the Oil-Free products actually do include oil or oil-inclusive ingredients. By doing

---

[1] The Equate Oil-Free Products include Equate Beauty Oil Free Facial Moisturizer, Oil-Free Acne Wash, Oil-Free Eye Makeup Remover, and Oil-Free Sunscreen Stick.

so, Defendant is able to charge a substantial price premium for its Oil-Free Products on account of the false and misleading Oil-Free Claims.

2. Oil-Free cosmetics are desired by consumers because "oil-free" products purportedly nourish and renew skin without clogging pores, causing breakouts, or making consumers' skin visibly oily.

3. Defendant has engage in widespread and deceptive advertising of the Oil-Free Products by claiming they are "oil-free." However, contrary to Defendant's representations, the Oil-Free Products do, in fact, contain oil.

4. Plaintiff, the Class, and Subclass Members purchased Oil-Free Products designed, marketed manufactured, distributed, and sold by Defendant as "oil-free." Further Plaintiff, the Class, and Subclass Members relied to their detriment on Defendant's representation that the Oil-Free Product are "oil-free." Plaintiff and Class and Subclass Members would not have paid to purchase Defendant's Oil-Free Products – or would not have paid as much as they did to purchase them – had they known that they are not, in fact, "oil-free". Plaintiff and Class and Subclass Members thus suffered monetary damages as a result of Defendant's deceptive and false representations.

**PARTIES**

5. Plaintiff Caitlin Peyton is a citizen of New York, residing in Westbrookville, New York. In October 2019, Plaintiff Peyton purchased Equate Oil-Free Moisturizer for her personal use for approximately $6.27 from Walmart in Middletown, New York. Prior to her purchase of Equate Oil-Free Moisturizer, Plaintiff Peyton reviewed the product's labeling and packaging and saw that the Equate Oil-Free Moisturizer was purportedly "oil-free." Plaintiff Peyton relied on that labeling and packaging to choose her moisturizer over comparable products. Plaintiff Peyton saw these representations prior to, and at the time of purchase, and understood them as

representations and warranties that her Equate Oil-Free Moisturizer was "oil-free." Plaintiff Peyton relied on these representations and warranties in deciding to purchase her Equate Oil-Free Moisturizer. Accordingly, these representations and warranties were part of the basis of the bargain, in that she would not have purchased Equate Oil-Free Moisturizer on the same terms had she known these representations were not true. However, Plaintiff Peyton remains interested in purchasing oil-free products and would consider Equate Oil-Free Moisturizer in the future if Defendant ensured the products were actually oil-free. In making her purchase, Plaintiff Peyton paid a substantial price premium due to the false and misleading Oil-Free Claims. However, Plaintiff Peyton did not receive the benefit of her bargain because her Equate Oil-Free Moisturizer, in fact, was not "oil-free". Further, Plaintiff Peyton understood that the purchase came with Defendant's representation and warranties that her Equate Oil-Free Moisturizer was "oil-free."

6. Defendant Walmart, Inc. ("Walmart") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Little Rock Arkansas. Walmart manufactures, sells, and/or distributes Equate-brand products, and is responsible for the advertising, marketing, trade dress, and packaging of the Oil-Free Products. Walmart manufactured, marketed, and sold the Oil-Free Products during the class period.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and Plaintiff, as well as most members of the proposed class, are citizens of states different from Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within New York, such that Defendant has significant, continuous, and pervasive contacts with the State of New York. Defendant is registered to do business in the State of New York. Furthermore, a substantial portion of the events giving rise to Plaintiffs' claims occurred in this State, including Plaintiff's purchase.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTUAL ALLEGATIONS

10. Defendant manufactures, advertises, markets, sells, and/or distributes cosmetic products throughout New York and the United States under the brand name "Equate."

11. At all relevant times, Defendant has marketed its Oil-Free Products in a consistent and uniform manner. Each of the Oil-Free Products included the Oil-Free Claims when they in fact contain oil or oil inclusive products:



12. The Oil-Free Products contain the following oils:

| Product | Oil |
|---|---|
| Equate Beauty Oil Free Facial Moisturizer | Glycine Soja (Soybean) Sterols, Dimethicone |
| Equate Beauty Oil-Free Acne Wash | Cocamidopropyl betaine |
| Equate Beauty Oil-Free Eye Makeup Remover | Cyclopentasiloxane, Cyclohexasiloxane |
| Equate Beauty Oil-Free Sunscreen Stick | Dimethicone, Cyclopentasiloxane, tocopheryl acetate |

13. All of the Oil-Free Products contain oils, but Defendant intentionally advertises and labels the Oil-Free Products as "oil-free."

14. Oil is a term that describes materials that are both hydrophobic and lipophilic. Oil can also be classified by the polarity of the substance. Oils can be wholly non-polar such as hydrocarbons or polar, such as fatty acids. Oil comprises the following chemical functional groups:[2]

   a. hydrocarbons (alkalanes, alkenes) – such as squalene (also known as squalene oil);

   b. triglycerides – such as glycerol tristate (stearin;

   c. esters – such as ester oil;

   d. fatty acids – such as palmitic acid or cocamidopropyl betaine;

   e. silicones – such as akyl dimethicone and siloxanes; and

   f. fatty alcohols – such as sterols.

15. The above groups can be characterized by the same physical properties, including being less dense than water, more viscous than water, and feeling slick or slippery to the touch.

---

[2] Ton O'Lenick, Polar vs. Nonpolar oils, 2008, https://www.cosmeticsandtoiletries.com/research/chemistry/17390254.html (last accessed Jan. 29, 2021).

5

16. Soybean sterols *i.e.* soybean oil can only be created by creating a chemical reaction from soybean oil and distilling the sterols left behind.

17. Cocamidopropyl betaine is a fatty acid naturally derived surfactant sourced from coconut or palm kernel oil.

18. Silicone oils, or Siloxanes, are any liquid polymerize siloxane with organic side chains. This includes Cyclosiloxanes, such as Cyclopentasiloxane and Cyclohexasiloxane, which have high volatility, making them useful in cosmetics. Similarly, Dimethicone is a polysiloxane used as a lubricant and conditioning agent.

19. Tocopheryl acetate, or vitamin E acetate, is an ester and therefore a polar oil. Tocopheryl acetate is derived from vegetable oils or can be synthetically derived from petroleum products. It is typically used for skin conditioning. Plaintiff would not have been able to understand that the Oil-Free Products contained oil absent an advanced understanding of chemistry.

20. Defendant's advertising and marketing of the Oil-Free Products is false and misleading and omits material information. The Oil-Free Products prominently advertise on the front label that they are "oil-free." Consumers reasonably expect that the Oil-Free Products will, in fact, be "oil-free." Nowhere on the Oil-Free Product packaging does Defendant inform consumers that the Oil-Free Products contain oil. Consumers, like Plaintiff, would not have been able to understand that the Oil-Free Products contained oil absent an advanced understanding of chemistry. Defendant's misrepresentations and/or omissions violate consumers' reasonable expectations and, as alleged herein, and New York's consumer protection statutes.

21. Defendant knew or should have known that the Oil-Free Products' express Oil-Free Claims were false, deceptive, and misleading, and that Plaintiff, the Class, and Subclass

Members would not be able to tell that the Oil-Free Products contained oil absent Defendant's express disclosure.

22. Defendant employs professional chemists to create the chemical formulas for the Oil-Free Products. Therefore, Defendant through its employees knew or should have known that the Oil-Free Products contained oils and that by labeling the Products as "oil-free" it was deceiving consumers.

23. On information and belief, Defendant, through its employees, did know that the Oil-Free Products contained oils, but chose to include the Oil-Free Claims because they did not believe their customers would know the difference.

24. Had Defendant not made the false, misleading, and deceptive representations and/or omissions alleged herein, Plaintiff and Class Members would not have purchased the Oil-Free Products or would not have paid as much as they did for such products. Thus, Plaintiff and Class Members suffered an injury in fact and lost money or property as result of Defendant's wrongful conduct.

## **CLASS ALLEGATIONS**

25. Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

26. Plaintiff seeks to represent a class defined as all people who purchased any Oil-Free Product product that falsely advertised that the product was purportedly "oil-free" during the applicable statute of limitations (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

27. Plaintiff Caitlin Peyton also seeks to represent a subclass consisting of Class Members who reside in New York (the "New York Subclass").

28. Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

29. **Numerosity.** The Class and Subclass Members are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimate that there are hundreds of thousands of Members in the Class and in the Subclass. Although the precise number of Class and Subclass Members is unknown to Plaintiff, it is known by Defendant and may be determined through discovery.

30. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all Members of the Class and Subclass and predominate over any questions affecting only individual Class or Subclass members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Defendant made false and/or misleading statements to the consuming public concerning the oil content of the Oil-Free Products;

(b) Whether Defendant omitted material information to the consuming public concerning the oil content of the Oil-Free Products;

(c) Whether Defendant's labeling and packaging for the Oil-Free Products is misleading and/or deceptive;

(d) Whether Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising and sale of the Oil-Free Products;

(e) Whether Defendant's representations concerning the Oil-Free Products were likely to deceive a reasonable consumer;

(f) Whether Defendant's omissions concerning the Oil-Free Products were likely to deceive a reasonable consumer;

(g) Whether Defendant represented to consumers that the Oil-Free Products have characteristics, benefits, or qualities that they do not have;

(h) Whether Defendant advertised the Oil-Free Products with the intent to sell them not as advertised;

(i) Whether Defendant falsely advertised the Oil-Free Products;

(j) Whether Defendant made and breached express and/or implied warranties to Plaintiff and the Class and Subclass Members about the Oil-Free Products;

(k) Whether Defendant's representations, omissions, and/or breaches caused injury to Plaintiff and the Class and Subclass Members; and

(l) Whether Plaintiff and the Class and Subclass Members are entitled to damages.

31.     **Typicality.**  Plaintiff's claims are typical of the claims of the other Members of the Class and Subclass in that, among other things, all Class and Subclass Members were deceived (or reasonably likely to be deceived) in the same way by Defendant's false and misleading advertising claims about the oil content of the Oil-Free Products.  All Class and Subclass Members were comparably injured by Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

32.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Members of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

33.     **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for Class or Subclass Members to obtain effective redress on an individual basis for the wrongs committed against them.  Even if Class or Subclass Members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  It would also increase the delay and expense to all parties and the court system from the issues raised by this action.  The class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

34.     In the alternative, the Class and Subclasses may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual Class or Subclass Members that would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual Class and Subclass Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and Subclass Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class and to the Subclass as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the Members of the Class and to the Members of the Subclass as a whole.

### COUNT I
**Violation Of New York's Gen. Bus. Law § 349**
**(On Behalf Of The New York Subclass)**

35. Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

36. Plaintiff brings this claim individually and on behalf of the Members of the proposed New York Subclass against Defendant.

37. Defendant committed deceptive acts and practices by employing false, misleading, and deceptive representations and/or omissions about the oil content of its Oil-Free Products to mislead consumers into believing the Oil-Free Products are "oil-free".

38. Plaintiff Peyton has standing to pursue this claim because she has suffered an injury-in-fact and has lost money or property as a result of Defendant's deceptive acts and practices. Specifically, Plaintiff Peyton purchased Oil-Free Products for her own personal use. In doing so, Plaintiff Peyton relied upon Defendant's false, misleading, and deceptive representations that Oil-Free Products were "oil-free". Plaintiff Peyton spent money in the transaction that she otherwise would not have spent had she known the truth about Defendant's advertising claims.

39. Defendant's deceptive acts and practices were directed at consumers.

40. Defendant's deceptive acts and practices are misleading in a material way because they violate consumers' reasonable expectations. Defendant knew consumers would purchase Oil-Free Products and/or pay more for them under the false – but reasonable – belief that Oil-Free Products are "oil-free", when they are not. By advertising so prominently that Oil-Free Products were "oil-free", Defendant proves that information about oil content is material to consumers. If such information were not material, Defendant would not feature it prominently on the front label of every Oil-Free Products package. As a result of its deceptive acts and practices, Defendant has sold thousands, if not millions, of Oil-Free Products to unsuspecting consumers across New York. If Defendant had advertised its Oil-Free Products truthfully and in a non-misleading fashion, Plaintiff and other New York Subclass Members would not have purchased them or would not have paid as much as they did for them.

41. As a direct and proximate result of Defendant's false, misleading, and deceptive representations and/or omissions, Plaintiff Peyton and other Members of the New York Subclass were injured in that they: (1) paid money for Oil-Free Products that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Oil-Free Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the

bargain because the Oil-Free Products they purchased had less value than Defendant represented.

42. On behalf of herself and Members of the New York Subclass, Plaintiff Peyton seeks to enjoin Defendant's unlawful acts and practices and recover her actual damages or fifty (50) dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
### Violation Of New York's Gen. Bus. Law § 350
### (On Behalf Of The New York Subclass)

43. Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

44. Plaintiff brings this claim individually and on behalf of the Members of the proposed New York Subclass against Defendant.

45. Defendant engaged in a campaign of false advertising with regard to the oil content of Oil-Free Products to mislead consumers into believing the Oil-Free Products they purchase are "oil-free"."

46. Plaintiff Peyton has standing to pursue this claim because she has suffered an injury-in-fact and has lost money or property as a result of Defendant's deceptive acts and practices. Specifically, Plaintiff Peyton purchased Oil-Free Products for her own personal use. In doing so, Plaintiff Peyton relied upon Defendant's false, misleading, and deceptive representations that Oil-Free Products would be "oil-free" when they are not. Plaintiff Peyton spent money in the transaction that she otherwise would not have spent had she known the truth about Defendant's advertising claims.

47. Defendant's deceptive acts and practices were directed at consumers.

48. Defendant's deceptive acts and practices are misleading in a material way because, as alleged above and herein, they violate consumers' reasonable expectations. If Defendant had advertised its Oil-Free Products truthfully and in a non-misleading fashion,

Plaintiff and other New York Subclass Members would not have purchased the Oil-Free Products or would not have paid as much as they did for them.

49. As a direct and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Plaintiff Peyton and other Members of the New York Subclass were injured in that they: (1) paid money for Oil-Free Products that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Oil-Free Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Oil-Free Products they purchased had less value than Defendant represented.

50. On behalf of herself and Members of the New York Subclass, Plaintiff Peyton seeks to enjoin Defendant's unlawful acts and practices and recover her actual damages or five hundred (500) dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT III
**Breach Of Express Warranty**
**(On Behalf Of The Class And The New York Subclass)**

51. Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

52. Plaintiff brings this claim individually and on behalf of the Members of the proposed Class and Subclass against Defendant.

53. As the designer, manufacturer, marketer, distributor, and/or seller of Oil-Free Products, Defendant issued an express warranty by representing to consumers at the point of purchase that Oil-Free Products were "oil-free". Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class and Subclass.

54. In fact, the Oil-Free Products do not conform to Defendant's representations because Oil-Free Products are not, in fact "oil-free." By falsely representing the Oil-Free Products in this way, Defendant breached express warranties.

55. As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class and Subclass were injured because they: (1) paid money for Oil-Free Products that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Oil-Free Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Oil-Free Products they purchased had less value than Defendant represented. Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class and Subclass Members would not have purchased the Oil-Free Products or would not have paid as much as they did for them.

## COUNT IV
### Breach of Implied Warranty
### (On Behalf Of The Class And The New York Subclass)

56. Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff brings this claim individually and on behalf of the Members of the proposed Class and Subclass against Defendant.

58. Defendant routinely engages in the manufacture, distribution, and/or sale of Oil-Free Products and is a merchant that deals in such goods or otherwise holds themselves out as having knowledge or skill particular to the practices and goods involved.

59. Plaintiff and Members of the Class and Subclass were consumers who purchased Defendant's Oil-Free Products for the ordinary purpose of such products.

60. By representing that the Oil-Free Products would be "oil-free", Defendant impliedly warranted to consumers that the Oil-Free Products were merchantable, such that they

were of the same average grade, quality, and value as similar goods sold under similar circumstances.

61. However, the Oil-Free Products were not of the same average grade, quality, and value as similar goods sold under similar circumstances. Thus, they were not merchantable and, as such, would not pass without objection in the trade or industry under the contract description.

62. As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class and Subclass were injured because they paid money for Oil-Free Products that would not pass without objection in the trade or industry under the contract description.

### COUNT V
**Unjust Enrichment**
**(On Behalf Of The Class And The New York Subclass)**

63. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

65. Plaintiff and Class Members conferred benefits on Defendant by purchasing the Oil-Free Products.

66. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchases of the Oil-Free Products. Retention of those monies under the circumstances is unjust and inequitable because Defendant misrepresented the oil content of the Oil-Free Products by claiming they were "oil-free." Those misrepresentations caused injuries to Plaintiff and Class Members because they would not have purchased the Oil-Free Products at all, or on the same terms, if the true facts were known.

67. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff, Class Members, and Subclass Members is unjust and inequitable, Defendant must pay

restitution to Plaintiff, Class Members, and Subclass Members for its unjust enrichment, as ordered by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff Wishner as representative of the Class and New York Subclass, and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass;

b) For an order finding in favor of Plaintiff, the Class, and New York Subclass on all counts asserted herein;

c) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

d) For prejudgment interest on all amounts awarded;

e) For an order of restitution and all other forms of equitable monetary relief;

f) For injunctive relief as pleaded or as the Court may deem proper; and

g) For an order awarding the Plaintiff, the Class, and New York Subclass their reasonable attorneys' fees, expenses, and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: July 8, 2021                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Frederick J. Klorczyk III*
          Frederick J. Klorczyk III

Frederick J. Klorczyk III
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Brittany S. Scott*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
Email:  bscott@bursor.com

*\*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff*