IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAITLIN PEYTON, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>                            Defendant. | Civil Action No. 7:21-cv-05880-VB<br><br>Hon. Vincent L. Briccetti<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |

WHEREAS, all the parties that have appeared in this action (collectively the "Parties" and individually a "Party") request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this action, and hereby enters the following Order:

1.    This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material.

**Definitions of Confidential Material**

2.    Confidential Material, as used in this Order, consists of the following materials and categories of materials:

a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

b. Extremely sensitive "CONFIDENTIAL" information shall be deemed "Highly Confidential - Attorneys' Eyes Only" by a Producing Party based on a good faith belief that the information or documents are either (i) protected by the attorney-client, attorney work product immunity, or (ii) contain confidential, trade secret, proprietary, or commercially or personally sensitive information that, if disclosed to the other party or to a non-party would create a substantial risk of serious harm to the Producing Party that could not be avoided by less restrictive means.

The parties shall not designate as confidential information that is already public knowledge.

3. The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

**Procedure for Designating Information as Confidential**

4. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

   a. Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

   b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the

transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

5. A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents or information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraph(s) (12-13) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

**Data Security**

6. The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security

policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

**Clawback Provisions**

7.  The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

9.  If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

10. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or otherwise privileged grounds for reclaiming documents or information (a "clawback request"). After a clawback request is received, the

receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

11. If the producing party initiates a clawback request, it shall thereafter promptly add the document(s) in question to its privilege log and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

**Privilege Log**

12. The producing party shall produce a privilege log that complies with all requirements set forth in Fed. R. Civ. P. 26(b)(5)(A)(ii) and Local Civil Rule 26.2 one week after each of its document production(s).

**Who May Receive Confidential and Highly Confidential Information**

13. *Highly Confidential—Attorneys' Eyes Only Material.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, any mediator retained by the parties in this action, consulting and testifying experts retained by a party in this action, the author or recipient of a document containing the information or a custodian, agent, or other person who otherwise possessed, knew, or otherwise had a right to the information and other persons by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

14. *Persons Receiving Confidential Information.* Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

    a. the Parties or those persons employed by or otherwise associated with the Parties to this action (including the officers, directors, and employees of the Receiving Party)

who the Receiving Party reasonably believes needs access to such information in order to prosecute or defend this action;

  c. counsel for the Parties to this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

  d. outside vendors who provide services such as photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc., as well as their employees and subcontractors, that a Party hires and assigns to this matter provided that such vendors are made aware of and shall have executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

  e. mock jurors and related service providers, provided that each juror and related service provided shall have executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

  f. any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

  g. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  h. witnesses during the course of their testimony at deposition provided that such witness shall have executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, unless such witness is a current officer, director or employee of the producing Party, or falls into one of the categories described in paragraph 15(g), above;

  i. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided (i) such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

(ii) such person is not a current officer, director, or employee of a competitor of defendant at the time of retention, nor anticipates at the time of retention to become an officer, director or employee of a competitor of defendant;

   j. stenographers and videographers engaged to transcribe and record depositions the parties conduct in this action;

   k. this Court, including any appellate court, its support personnel, and court reporters; and

   l. other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

   15. *Duties in the Event of Unauthorized Disclosures.* It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

**Authorized Uses of Confidential Material**

   16. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

8

17. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

18. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

**Challenges to the Designation of Confidential Material**

19. Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation). Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court. The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

**Confidential Material In Filings, Hearings, and Trial**

20. *Confidential Material in Filings.* Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A party that seeks to file under seal any Confidential Material must comply with the appropriate Local Rule of Court, including, the "Individual Practices of Judge Vincent L.

9

Briccetti ¶ 3, and/or federal law regarding filing materials under seal. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

21. *Confidential Material in Hearings and Trial.* The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.

### Continuing Effect of this Order and Duty to Destroy

22. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy all</u> documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. This requirement to destroy includes all documents, not only those documents designated as Confidential Material. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

### Procedure if Confidential Material Is Required to be Produced

23. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

**Application of this Order to Productions by Third Parties**

24. This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential or Highly Confidential – Attorneys' Eyes Only.

25. If a third party produces documents and does not designate those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the

burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

26. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

27. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

28. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

Respectfully stipulated to and submitted by,

Dated: January 10, 2023      **Bursor & Fisher, P.A.**

By: /s/ *Frederick J. Klorczyk III*
Frederick J. Klorczyk III
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
fklorczyk@bursor.com

*Counsel for Plaintiff*

Dated: January 10, 2023      **STEPTOE & JOHNSON LLP**

By:/s/ *Anthony Hopp*

Carol Brophy (*Admitted Pro Hac Vice*)
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
(415) 365-6700

Anthony Hopp (*Admitted Pro Hac Vice*)
227 West Monroe Street
Suite 4700
Chicago, IL 60606

cbrophy@steptoe.com  (312) 577-1300
ahopp@steptoe.com

Charles Michael
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900
cmichael@steptoe.com

*Counsel for Walmart, Inc.*

**IT IS SO ORDERED:**

Dated: January 11, 2023

_____
Hon. Vincent L. Briccetti
United States Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAITLIN PEYTON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>       Defendant. | Civil Action No. 7:21-cv-05880-VB<br><br>Hon. Vincent L. Briccetti<br><br>**NON-DISCLOSURE AGREEMENT** |

## AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY ORDER

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Confidentiality Order has been entered in the above-captioned lawsuit. A copy of this Confidentiality Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as Confidential and/or Highly Confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such

15

Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5. Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

DATED: _____, 20___

_____

Signature

_____

Printed Name